<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>ERNEST WILSON. | No. 24cr198 (EP)<br><br>**MEMORANDUM ORDER** |

Defendant Ernest Wilson seeks an order modifying the conditions of his release pending his surrender to the Bureau of Prison's ("BOP") custody on April 13, 2026.  D.E. 64 at 1.  Wilson requests that pending his surrender to the BOP, he be subject to electronic monitoring with a 7:00 AM to 7:00 PM curfew, rather than be subject to home incarceration.  D.E. 64-1 at 1.  Wilson contends that this will permit him to visit his children and his sick grandmother.  *Id.* at 1–2.  The Government and Pretrial Services oppose Wilson's request and note that they consented to modifying Wilson's conditions of release to permit him a once-a-week, five-hour visit with his seven children.  D.E. 66 at 2.  Wilson rejected that modification.   *Id.*

18 U.S.C. § 3143(a) mandates that a judicial officer order a defendant who is "awaiting . . . execution of a sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety or any other person or the community if released . . . ."  The Court has made no finding by clear and convincing evidence that Wilson is not a flight risk or that he is unlikely to pose a danger to the safety of other persons or his community.  The Government also opposes such a finding and contends that given Wilson's "long history of violence and armed robberies," he would present a danger to the community if he were free to leave home everyday prior to his surrender to BOP.  D.E. 66 at 1–2.

Wilson's criminal history is concerning.  *See, e.g.*, D.E. 57 ("Final Presentencing Report") ¶¶ 36–39 (detailing Wilson's juvenile adjudications), ¶¶ 40–48 (detailing Wilson's adult criminal convictions), ¶¶ 49–50 (detailing Wilson's other arrests).  And Wilson neither explains why his family cannot visit him at the site of his home confinement nor why such visits, combined with a weekly five-hour release from home, would not suffice for him to see his family prior to the execution of his sentence.  The Court will therefore **DENY** Wilson's request to modify the conditions of his release pending surrender to the BOP.  Wilson's counsel may meet and confer with the Government and Pretrial Services regarding their proposed modification for weekly five-hour visits with his family.

For the reasons explained above,

**IT IS**, on this 25th day of March 2026,

**ORDERED** that Wilson's motion seeking modification of the conditions of his release pending surrender to BOP custody, D.E. 64, is **DENIED**.

Evelyn Padin, U.S.D.J.

2